UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EMILY MISER,<br><br>    Plaintiff,<br><br>    v.<br><br>TAX GROUP INC., et al.,<br><br>    Defendants. | Case No. 1:26-cv-00175-BLW<br><br>**INITIAL SCREENING ORDER** |

**INTRODUCTION**

Before the Court are Plaintiff Emily Miser's *In Forma Pauperis* Application (Dkt. 1), Complaint (Dkt. 2), and several other motions. For the reasons explained below, the Court will grant the *In Forma Pauperis* Application and allow the breach of contract and negligence claims to proceed. The remaining Complaint will be dismissed with leave to amend, and Plaintiff's additional motions will be denied.

**1.    *In Forma Pauperis* Application**

Emily Miser, proceeding pro se, has conditionally filed a complaint against Tax Group Inc., et al. (Dkt. 2). Plaintiff seeks leave to proceed *in forma pauperis*.

Plaintiffs who wish to pursue civil lawsuits in this District must pay a filing fee. *See* 28 U.S.C. § 1914(a). If a plaintiff wishes to avoid that fee, she must

MEMORANDUM DECISION AND ORDER - 1

submit an affidavit showing she is unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an *in forma pauperis* application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

The Court has reviewed the affidavit provided by Plaintiff. The affidavit, if true, states sufficient facts supporting Plaintiff's poverty. Plaintiff is unemployed and receives her income from social security disability payments. Plaintiff reports a monthly income from these disability payments of $1,921, cash savings of $12.49, and monthly expenses of $1,968. (Dkt. 1 at 2-4). These factors indicate that Plaintiff cannot pay the Court's filing fee while still paying for basic living expenses.

The Court will grant the *in forma pauperis* application.

## 2.      Review of Complaint

Once the Court grants an *in forma pauperis* application, it may conduct an initial review of the complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). If the Court engages in this review, a

MEMORANDUM DECISION AND ORDER - 2

complaint must be dismissed if it (1) states a frivolous or malicious claim, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 and may be dismissed if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). But this does not eliminate the standard set forth in Rule 8(a)(2). Pro se plaintiffs must still articulate plausible claims and allege facts sufficient to support each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Judges are neither "mind readers" nor "advocates" for pro se litigants. *Camel v. Cannon*, No. 6:06-3030–GRA–WMC, 2007 WL 465583, at *3 (D.S.C. Feb. 7, 2007). Nor will courts "assume the truth of legal conclusions merely because they are cast in the form of

factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

Miser has sued Tax Group Inc., Tax Group Center Inc., Gerson Miranda, Stacey Brandon, and Does I-X for breach of contract, misrepresentation, negligence, violation of the Idaho Consumer Protection Act, failure to return client files, and failure to supervise. For reasons explained below, Miser's claims for breach of contract and negligence survive the Court's initial screening, but the remaining causes of actions will be dismissed with leave to amend.

To state a claim for breach of contract, a plaintiff must allege "(a) the existence of the contract, (b) the breach of the contract, (c) the breach caused damages, and (d) the amount of those damages." *Mosell Equities, LLC v. Berryhill & Co.,* 154 Idaho 269, 278, 297 P.3d 232, 241 (2013). Here, Plaintiff's Complaint unequivocally states a contract existed between both parties and how the contract was breached by Defendants. Furthermore, Plaintiff's Complaint alleges enough facts to show damage to Plaintiff through this breach, including Defendants' failure to refund Plaintiff her $2,500 payment upon termination of the contract. Similarly, Plaintiff has provided sufficient facts to the Court to allege that Defendants owed Plaintiff a duty, Defendants breached said duty, and Defendants caused Plaintiff damage. Thus, Plaintiff has provided enough facts for the breach of contract and negligence claims to survive the Courts initial screening.

MEMORANDUM DECISION AND ORDER - 4

Defendants are also alleged to have breached the Idaho Consumer Protection Act. The Idaho Consumer Protection Act protects consumers against unfair or deceptive acts and practices in the conduct of commerce. Idaho Code § 48-601. But the facts alleged do not specify the "unfair" or "deceptive" acts that Defendants took part in, or how those acts caused Plaintiff an "ascertainable loss of money or property." *See Litster Frost Inj. Laws., PLLC v. Idaho Inj. Grp., PLLC*, 518 P.3d 1, 11 (quoting I.C. § 48-608(1)). Due to the absence of factual allegations for this claim, Plaintiff has failed to state a claim upon which relief can be granted. The Court will dismiss the claim for breach of the Idaho Consumer Protection Act but give Plaintiff leave to amend to cure these deficiencies.

Additionally, Miser claims that Defendants misrepresented their services by representing "that an attorney was assigned to Plaintiff's case" when in reality "Plaintiff was never provided access to the attorney and has no evidence of attorney involvement." Dkt. 2 at 8. For a claim of misrepresentation to survive, there needs to be some showing of the falsity of the representation as well as some element of materiality of the statement or representation that the fact later contributed to the resulting injury. *Lindberg v. Roseth,* 46 P.3d 518, 522 (2002) (citing *Hines v. Hines,* 851, 934 P.2d 20, 24 (1997)). In the present case, although Plaintiff may have believed and relied on the statement that an attorney would be assigned to her case, no facts suggest that the statement was material. Further, it is

MEMORANDUM DECISION AND ORDER - 5

unclear what kind of damages Plaintiff suffered from not being in contact with the assigned attorney, Ms. Stacey Brandon. For that reason, the Court will dismiss the claim of misrepresentation but give Plaintiff leave to amend to address these shortcomings.

Plaintiff's final two claims are for failure to return the client file and failure to supervise. The Court is unable to address these claims. Plaintiff might seek the return of her file as a form of relief, but this is not a cause of action. For the failure to supervise claim, Plaintiff has not explained what direct supervisory authority existed between Ms. Brandon and Gerson Miranda. The absence of factual allegations is again fatal. Accordingly, the Court will dismiss these claims but give Plaintiff leave to amend.

## 3.    Other Motions

Plaintiff has also filed a Motion for Sanctions for Spoliation of Evidence (Dkt. 3), Motion for Expedited Hearing on Spoliation (Dkt. 4), Motion for Adverse Inference Jury Instruction Based on Spoliation of Evidence (Dkt. 5), Combined Motion to Compel + Forensic Inspection (Dkt. 6), and Motion for Forensic Inspection of Electronically Stored Information (Dkt. 7). Plaintiff has not provided any facts to justify these extraordinary measures. For example, Plaintiff seeks to compel discovery, but discovery has not yet begun—indeed the defendants have not even been served with the Complaint. These motions will be denied.

MEMORANDUM DECISION AND ORDER - 6

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Application to Proceed *in Forma Pauperis* (Dkt. 1) is **GRANTED**.

2. Plaintiff may proceed with the claims for Breach of Contract and Negligence. The remaining Complaint fails to state a claim upon which relief may be granted and is **DISMISSED**. Plaintiff may file an amended complaint to cure the deficiencies identified above within 60 days of the date of this Order.

3. Plaintiff's Motion for Sanctions for Spoliation of Evidence (Dkt. 3) is **DENIED**.

4. Plaintiff's Motion for Expedited Hearing on Spoliation (Dkt. 4) is **DENIED**.

5. Plaintiff's Motion for Adverse Inference Jury Instruction Based on Spoliation of Evidence (Dkt. 5) is **DENIED**.

6. Plaintiff's Combined Motion to Compel + Forensic Inspection (Dkt. 6) is **DENIED**.

7. Plaintiff's Motion for Forensic Inspection of Electronically Stored Information (Dkt. 7) is **DENIED**.



DATED: June 1, 2026

B. Lynn Winmill
U.S. District Court Judge