UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

EMILY MISER,

Plaintiff,

v.

TAX GROUP INC., et al.,

Defendants.

Case No. 1:26-cv-00175-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court is Plaintiff Emily Miser's Amended Complaint (Dkt. 10). For the reasons explained below, the Court will dismiss the amended complaint with prejudice and order the Clerk to close this case.

## BACKGROUND

Ms. Miser is a *pro se* litigant proceeding *in forma pauperis*. She filed her initial complaint in March 2026, suing Tax Group Inc., Tax Group Center Inc., Gerson Miranda, Stacey Brandon, and Does I–X for breach of contract, misrepresentation, negligence, violation of the Idaho Consumer Protection Act (ICPA), failure to return client files, and failure to supervise. *See* Dkt. 2.

Ms. Miser's claims for breach of contract and negligence survived the Court's initial screening, but the other causes of action were dismissed with leave to amend. *See* Dkt. 9.

On June 15, 2026, Ms. Miser submitted an amended complaint, reasserting her claim that Defendants breached the ICPA. *See* Dkt. 10. Upon review of Ms. Miser's amended complaint, the Court has determined that it lacks subject matter jurisdiction over the case.

## LEGAL STANDARD

This Court, as a court of limited subject matter jurisdiction, has jurisdiction only over cases in diversity, 28 U.S.C. § 1332, or cases that raise a federal question, 28 U.S.C. § 1331.

Section 1332 provides federal district courts with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

Meanwhile, Section 1332 gives federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). It is appropriate for the Court to "raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**ANALYSIS**

Ms. Miser's initial complaint and her amended complaint are subject to dismissal for lack of subject matter jurisdiction.

The initial complaint touches on jurisdiction only briefly, asserting that the Court has jurisdiction because "Defendants conduct business in Idaho." Dkt. 2 at 3. However, it does not assert whether this Court has federal question or diversity jurisdiction. The amended complaint says even less on the topic. *See* Dkt. 10.

Because Ms. Miser's original complaint and amended complaint raise only state-law claims, the Court must determine whether it has diversity jurisdiction.

Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds § 75,000. 28 U.S.C. § 1332(a)(1); *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996). Complete diversity exists if none of the plaintiffs is a citizen of the same state as any of the defendants. *Caterpillar*, 519 U.S. at 68. A corporation is a citizen of the state "by which it has

been incorporated" and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Montrose Chem. Corp. of Cal. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997).

Ms. Miser asserts in her initial complaint that she is a resident of Oklahoma. Dkt. 2 at 2. She further asserts that Defendants Tax Group Inc. and Tax Group Center Inc. are business entities that "provid[e] tax resolution services" to "consumers in Idaho," but she does not say where these entities are incorporated or maintain their principal places of business. *Id.*

Even assuming that complete diversity exists, Ms. Miser has failed to meet the amount-in controversy-requirement. In her initial complaint, she alleges that she suffered $2,500 in actual damages, but she does not attach a dollar figure to the other types of relief that she seeks from the Court. Dkt. 2 at 12.

Although the amended complaint comes closer to the mark, it fails to change the outcome. There, Ms. Miser asks the Court for "total damages for all things considered in the amount of $75,000." Dkt. 10 at 3. For diversity jurisdiction to exist, however, the amount in controversy must *exceed* $75,000. 28 U.S.C. § 1332(a).

Accordingly, the Court does not have diversity jurisdiction over this case and must dismiss it for lack of subject matter jurisdiction.

## ORDER

**IT IS ORDERED that**:

1. Plaintiff's Amended Complaint (Dkt. 10) is **DISMISSED WITH PREJUDICE**.

2. The Clerk is directed to **CLOSE** this case.

DATED: November 16, 2026

B. Lynn Winmill
U.S. District Court Judge